ESTATE OF ROMERO *v*. WILLOUGHBY, TREASURER OF PORTO RICO.

APPEAL from the District Court of Ponce.

No. 49.—Decided January 31, 1906.

TAXES—LIABILITY OF ALL THE PROPERTY OF TAXPAYERS FOR PAYMENT OF TAXES.— All of the property of taxpayers is liable for the payment of the taxes assessed against the same, no matter what kind of property it may be.

ID.—TAXES ASSESSED AGAINST REAL PROPERTY.—Taxes assessed against the real property of a taxpayer constitutes an encumbrance upon the same whoever may be in possession thereof.

ID.—TAXES ON REAL PROPERTY.—Taxes assessed against the personal property of a taxpayer do not constitute an encumbrance or charge upon the real property of such taxpayer, and therefore when such personal property has left the hands of a debtor and passed to a third person, it cannot be followed into the hands of such third party for the collection of taxes on the real property of the debtor.

ID.—PRESUMPTION IN REGARD TO PROPERTY.—Property is presumed to be free from encumbrance so long as it does not appear to be encumbered by virtue of law, or by some other legal means.

ID.—PERSONAL CREDIT.—The position of the Treasurer of Porto Rico, with respect to the taxes imposed upon personal property of taxpayers, is that of a mere personal creditor, without mortgage or lien upon the real property of the debtor.

ID.—PREFERRED CREDIT.—A tax upon the personal property of a taxpayer is a preferred credit upon the real and personal property of the debtor which does not appear to be especially encumbered by any other preferred liabilities, such as those provided for by section 1823 and subdivision 1, and section 1824 of the Civil Code, which are preferred as against all other creditors.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

*Mr. Leake* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

The appraisal of the property in the district of Ponce having been commenced for the assessment and collection of the tax corresponding to the fiscal year of 1902-03, the liquidator of the former firm of L. P. Doria & Angera, Luis de Porrata Doria presented his schedule, in which he declared all the real and personal property of said firm, the former consisting of a lot situated on the road to the Playa of said city of Ponce, having an area of 2 *cuerdas,* upon which were located two masonry storehouses with their accessories, all valued at $13,-500, which was later increased by the Treasury Department to $21,250; and the latter—that is to say, the personal property—valued at the sum of $20,883, which the Treasury Department accepted; consequently, the tax on the lot, at the rate of 1.25 per cent on its total value, amounted to the sum of $265.64.

The work of appraisal was concluded in the district of Ponce in June, 1902; and on the 20th of August of the same year, by public deed executed before Angel Acosta Quintero, a notary of that city, Luis de Porrata Doria, as the liquidator of L. P. Doria & Angera, conveyed and sold to the Estate of Romero, consisting of Marcolina and Rita Romero, the lot with the two storehouses referred to, in payment of a debt of $12,866.77, which said firm owed them, said deed being recorded in the Registry of Property of Ponce.

But before the Romeros entered upon the possession of the lot they wished to pay the collector of revenues the tax on said property for that fiscal year; but the collector refused

to receive it, demanding also the payment of the tax on the personal property of L. P. Doria & Angera, to which the Romeros objected, holding that they were in nowise responsible for such payment.

Under these circumstances and when about June, 1904, the Romeros heard, through said Luis de Porrata Doria, that the collector of revenues of Ponce, under instructions from the Treasurer of Porto Rico, had instituted compulsory proceedings against the liquidator of the firm of L. P. Doria & Angera for the recovery of the taxes payable by the latter from all sources, in the course of which proceedings an attachment had been levied on the lot which already belonged to them by virtue of a purchase thereof from the liquidator of said firm, applied to the District Court of Ponce for an injunction against the said collector and the Treasurer of Porto Rico, and prayed that it be held that the tax imposed upon the personal property of the former firm of L. P. Doria & Angera did not constitute a lien on the lot belonging to the petitioners; that the collector of revenues of Ponce should be required to receive the $265.64, which is all that the petitioners considered themselves responsible for, said sum representing the tax on said real property for the preceding fiscal year, to which end they deposited the said sum with the secretary of the court, and that upon receipt thereof the attachment on the lot belonging to them should be dissolved; and that the collector of revenues and the Treasurer of Porto Rico should be adjudged to refrain thereafter from proceeding against the real property for the collection of said taxes, surtaxes, and costs which had been improperly imposed thereon.

A hearing having been duly had on the application for an injunction, the District Court of Ponce rendered the following judgment:

"*Action No. 364.—Estate of Romero* v. *William F. Willoughby, Treasurer of Porto Rico, and Bartolo Esteva, collector of taxes in the district of Ponce.* Injunction. Final decree. After proper notice to the plaintiffs in the form prescribed by law, this case was duly heard,

and the court being duly advised in the matter, hereby orders, adjudges, and decrees: That the Estate of Romero, the plaintiff, is entitled to the remedy sought by them in their application for an injunction; that the sum of $265.64 deposited with the secretary of the court by said plaintiffs, be delivered by said secretary to the said Bártolo Esteva, collector of revenues for the district of Ponce, in payment of any and all claims for taxes for the year 1902-03, on the following real property: A lot situated in the district and city of Ponce, on the road to the Playa, consisting of 2 *cuerdas,* equivalent to 78 ares and 61 centiares, or 11,250 square *varas,* equivalent to 7,860 square meters, said lot being situated in *barrio* No. 4 of Ponce, having a frontage on the east of 86.51 *varas,* and abutting on said side on the public road leading from Ponce to Ponce Playa; a similar distance in the rear, that is to say, the east, on which side it adjoins the lands belonging to Guillermo Schuk y Olivera; 130 *varas* to the left, that is to say, the north side; and a like distance to the south along the property of the Ponce Electric Co., adjoining on the north the property of Guillermo Schuk. Upon said lot there is situated a masonry storehouse roofed with galvanized iron, numbered 80; and another masonry storehouse of the same dimensions as the other one, with its accessories. Said defendants, William F. Willoughby, Treasurer of Porto Rico, and Bartolo Esteva, collector of revenues of the district of Ponce, and their successors in office, are ordered to accept said sum of $265.64 in full satisfaction and payment of all the taxes constituting a lien upon the real property above described for the year 1902-03, and all penalties and costs imposed. It is hereby held that the taxes on the personal property of the firm of Porrata Doria & Angera, for the year 1902-03, as described in schedule No. 4612, do not constitute a lien upon the above-described real property. It is further ordered and decreed by the writ of injunction hereinafter granted that said defendants, Willoughby and Esteva, and their successors, be permanently enjoined from advertising for sale, or from selling or endeavoring to sell the real property above described, which property belongs to the petitioners; for the payment of any charge or alleged lien upon the same by reason of taxes on said property belonging to the said Estate of Romero for the year 1902-03, or to the Estate of Porrata Doria & Angera for said year or for any other year, or for taxes on any personal property belonging to or declared by the firm of Porrata Doria & Angera for the year 1902-03, or for any other year, which taxes said defendants alleged constituted a lien on said property, or for

the payment of any penalty, surtaxes, or costs incidental to the attachment of the property above described, or from collecting from said Estate of Romero, in any other manner or by any other proceedings, any taxes on the personal property belonging to the firm of Porrata Doria & Angera. It is hereby decreed and ordered that said real property above described is free from any lien for any tax due either from the Estate of Romero for the fiscal year 1902-03 or from the firm of Porrata Doria & Angera or from the liquidators of said firm for the year 1902-03, or for any other year. It is further ordered that the petitioners herein be not required to pay any costs to this court in the proceedings upon this injunction, and that any deposit made by them with the secretary of this court for that purpose be returned to them.—Attest: Genaro Vidal, secretary of the district court; José Tous Soto, district judge.''

The district *fiscal* took an appeal from this judgment on behalf of the collector and the Treasurer of Porto Rico, and the record of the case having been transmitted to this superior court, the *fiscal* of the Supreme Court argued on behalf of the appellant, alleging as the legal grounds for the appeal that, in his opinion, ''the decision of the District Court of Ponce should be reversed with the costs against the petitioners; that section 315 of the Political Code provides that taxes on real property shall constitute a first lien on said property, and shall have preference over all other liens on said property; that the Estate of Romero acquired from Porrata Doria & Angera real property upon which taxes were due for the year 1902-03, and that if such property was the only property against which the taxes on the property declared in schedule 4216 as belonging to said firm could be enforced, because the personal property had disappeared entirely after the taxes thereon had fallen due, it is clear that the collection of such taxes could be enforced against any other property declared in the schedule, even though such property had passed into the hands of third persons. There is no such separation for the collection of the taxes involved, because the Estate of Romero did not owe these taxes personally, but the property which it had acquired subject to this

charge from the firm of Doria & Angera, against which said
estate may enforce the liabilities it may deem proper in this
connection, but this circumstance in no way deprives the
Treasurer of Porto Rico from collecting a sum legally due, es-
pecially when the Treasury Department had been advised of
said transfer in order that it might produce its effects during
the next fiscal year 1902-03; and it received no notice during
the preceding fiscal year. For these reasons the *fiscal* was of
opinion that the decision of the district court should be re-
versed, with costs."

A day having been set for the hearing, it was held with the
attendance of the *fiscal* of this Supreme Court and counsel for
the respondents, who had not appeared up to that time, and
who opposed the appeal by argument and in a brief which
was admitted and which is attached to the record of this
appeal.

Now then, in view of the manner in which the question at
issue in these proceedings has been presented, it is reduced
to a determination of whether the tax imposed on the per-
sonal property of a taxpayer does or does not constitute a
lien upon the real property of the same taxpayer, which can
be enforced against such real property even after it has
passed under a legal title to the ownership of a third person.

There can be no doubt of the fact that taxpayers are lia-
ble to the extent of all their property without distinction for
the payment of the taxes which may have been assessed
against them, in view of the provisions of section 336 and
339 of the Political Code, according to which when all the
taxes owed by a delinquent taxpayer have been computed, and
compulsory proceedings have been instituted against him for
the collection thereof, his personal property shall be proceed-
ed against first, and if he should not have any personal prop-
erty, or it should not be sufficient to cover the debt, then
enough of the real property of the delinquent taxpayer shall
be attached and sold to pay his indebtedness. Of this, there-
fore, there can be absolutely no doubt. But after the real

property has left the possession of the debtor and come into the hands of a third person who acquired it under a legal title, will such property continue to be liable for the payment of the taxes assessed against the debtor in the same way as if it had not left his possession?

With regard to the tax assessed against said real property, it is clear that it does because, according to section 315 of the Political Code, the tax assessed against the real property of the taxpayer constitutes a lien which in legal terminology signifies a real encumbrance on said property whoever may be the possessor thereof.

Section 315 of the Political Code, as amended by the Act of the Legislative Assembly of this Island of March 10, 1904, reads as follows:

"It will be the duty of the assessor in making the assessment, or in revising the existing assessment, to list each piece or parcel of real estate separately, and to give for each its assessed value, together with a description of it and the name and address of its owner in so far as such information can be obtained. Where the real property embraces both land and improvements, the assessed value of the land and the improvements must be given separately. The tax that is assessed against each piece or parcel of real property, including any improvements that may be thereon, or that may be subsequently placed there, shall constitute the first lien thereon, and shall be prior to all other liens whatsoever on said property, whether the said liens attach before or after the lien of said taxes."

In this the Political Code does nothing more than reproduce substantially the provisions of articles 168 and 218 of the Mortgage Law in force in this Island, the first of which grants an implied legal mortgage in favor of the State, the provinces or towns, now in favor of The People of Porto Rico, upon the property of taxpayers, for the amount of an annual tax thereon which has fallen due and which has not been paid; and the second—that is, article 218—provides that the State, province or towns shall be preferred to any other creditor in the recovery of one year's taxes on the realty. These

provisions are also reproduced by section 1824 of the new Civil Code, which agrees in every respect with article 1923 of the former Code, which provides, with regard to determined real property and property rights of the debtor, that credits in favor of The People of Porto Rico, with regard to the property of taxpayers, for the amounts of the last annual assessments, due and not paid, which burden the same, shall be preferred in the first place.

There is no doubt, therefore, nor does anyone maintain the contrary in these proceedings, that according to section 315 of the Political Code and the other legal provisions cited, the tax assessed against the real property of a taxpayer constitutes a real charge, or lien on such property, whoever may be the possessor thereof; but the same cannot be maintained with respect to the tax assessed against the personal property of the taxpayer. With regard to such tax on personal property, neither section 315 of the Political Code, nor any other section of said Code, gives it the character of a charge or lien on the real property of the taxpayer to the extent of permitting collectors of revenues to proceed against it after such real property shall have passed from the possession of the debtor to the ownership of a third person; and this being so, it is evident that revenue agents cannot attach such real property to enforce a liability which the law does not impose thereon, upon the universally acknowledged principle of law that property is considered free until it shall appear that it has been encumbered by the law or by some other legal title.

The position of the Treasury of Porto Rico, with respect to the tax assessed against the personal property of the taxpayer, becomes the same as that of a personal creditor only, without any mortgage or lien whatsoever on the real property of the debtor, permitting it to proceed against it, after it has left his possession, for the recovery upon such property of the credit referred to, although it does have the prior right granted it by section 1825 of the new Civil Code, which agrees with article 1924 of the old Code, upon the personal and real

property of the debtor not specially subject to other preferred liabilities, such as those established on certain real property and property rights of the debtor referred to in the first subdivision of section 1824 of said Code, and those comprised in the preceding section of the same Code, section 1823, on specified personal property of the debtor, which enjoy absolute preference over all other creditors.

As the judgment rendered in these proceedings by the District Court of Ponce conforms to these legal provisions, the undersigned justice is of the opinion that said judgment should be affirmed in all respects, with more reason when the collector of revenues having had more than sufficient time to enforce payment of the insignificant sum of $261 representing the amount of the tax assessed against the personal property of the firm of L. P. Doria & Angera, and more than sufficient means to enforce it against the personal property of said firm, which amounted to the large sum of $20,883 before it ceased to exist, it would be highly unjust and contrary to morals and law to make the Romeros suffer the consequences of the carelessness or negligence of the collector of revenues, they having bought the lot in question free from such liability.

For all these reasons the undersigned justice is of the opinion that said judgment should be affirmed in all respects, without any special taxation of costs.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.